**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4140**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KIZSHAMAYA A. GABLES, a/k/a K-K,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:06-cr-00735-PMD-3)

Submitted:  October 22, 2008        Decided:  November 20, 2008

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Walter S. Ameika, Summerville, South Carolina, for Appellant.
Alston Calhoun Badger, Jr., Assistant United States Attorney,
Charleston, South Carolina; Reginald I. Lloyd, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kizshamaya A. Gables, a/k/a K-K, appeals his convictions for conspiring to make false statements with regard to the acquisitions of firearms from licensed dealers, in violation of 18 U.S.C. § 922(a)(6) (2000), and dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) (2000). Gables' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Although concluding that there are no meritorious issues for appeal, counsel questions whether the Fed. R. Crim. P. 11 hearing was sufficient and whether the district court properly calculated the advisory sentencing guidelines range. Gables has filed a pro se supplemental brief in which he argues that the district court erred by enhancing his offense level pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(1)(C) because the factual determination underlying the enhancement is incorrect and was not alleged in the indictment or proven to a jury beyond a reasonable doubt. The Government declined to file a brief. After a careful review of the record, we affirm.

I.

Because Gables did not move in the district court to withdraw his guilty plea, alleged errors at the Rule 11 hearing are reviewed for plain error. See United States v. Martinez,

2

277 F.3d 517, 524-25 (4th Cir. 2002). Before accepting a plea, the district court must ensure that the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and various other rights, so it is clear the defendant is knowingly and voluntarily entering his plea. The court also must determine whether there is a factual basis for the plea. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Gables does not allege any specific deficiency, and our review of the plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy, ensuring that Gables' plea was knowing and voluntary and that there was an independent factual basis for the plea.

## II.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Under an advisory guidelines scheme, a district court does not violate the Sixth Amendment by making factual findings as to sentencing factors by a preponderance of the evidence as long as the fact-finding does not enhance the sentence beyond the maximum

term specified in the substantive statute. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (holding that "Booker does not in the end move any decision from judge to jury, or change the burden of persuasion"). Gables' argument that the district court erred by sentencing him based upon facts not alleged in the indictment or proven to a jury is thus meritless.

In considering the district court's application of the guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). Because Gables did not object to the district court's enhancement of his sentence pursuant to § 2K2.1(b)(1)(C), we review his claim for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Under the plain error standard, Gables must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34.

Gables presents only a bald assertion that the factual basis for the enhancement is incorrect, without any evidence to support his argument. Furthermore, his assertion contradicts the version of the facts presented without objection at his plea hearing. We accordingly conclude that Gables' argument that the district court erred in applying the § 2K2.1(b)(1)(C) enhancement is likewise without merit.

4

III.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gables, in writing, of the right to petition the Supreme Court of the United States for further review. If Gables requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gables.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>